NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-925

IN THE MATTER OF HILLWARD FRUGE

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 96-C-2365
HONORABLE ELLIS J. DAIGLE, JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

BILLY H. EZELL
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Jimmie C. Peters, and Billy H. Ezell, Judges.

MOTIONS DENIED.
APPEAL DISMISSED.

Hillward Fruge
c/o Eunice Manor Nursing Home
3859 Highway 190
Eunice, LA 70535
PRO SE/APPELLANT:
    Hillward Fruge

EZELL, Judge.

This court, on its own motion, issued a rule for the appellant, Hillward Fruge, to show cause, by brief only, why this appeal should not be dismissed. For the reasons assigned we dismiss the appeal.

In a *per curiam* opinion issued by the trial court, the trial court wrote that it was denying the appellant's request for an extension of the prescriptive periods applicable to his alleged claims and wrote that his suits were abandoned pursuant to La.Code Civ.P. art. 561. Furthermore, the trial court's opinion provides that if the appellant were attempting to file new claims against other parties, these claims would have to be filed in a new docket number.

The trial court signed an order granting the appellant an appeal from this ruling. Upon the lodging of the record in this case, this court issued a rule for the appellant to show cause why the appeal should not be dismissed as having been taken from a non-appealable, interlocutory order.

Louisiana Code of Civil Procedure Article 1841 reads:

> A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.

> A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.

> A judgment that determines the merits in whole or in part is a final judgment.

The *per curiam* at issue does not dispose of the merits of the appellant's actions. Therefore, the *per curiam* is not a final judgment.

Louisiana Code of Civil Procedure Article 2083 states:

> A. A final judgment is appealable in all causes in which appeals

are given by law, whether rendered after hearing, by default, or by reformation under Article 1814.

B.   In reviewing a judgment reformed in accordance with a remittitur or additur, the court shall consider the reasonableness of the underlying jury verdict.

C.   An interlocutory judgment is appealable only when expressly provided by law.

Inasmuch as the *per curiam* is not a final judgment, we hereby dismiss this appeal at the appellant's cost.

The appellant filed a request for this court to afford him an extension of time within which to file a brief in response to this court's rule and moved for a clarification of this court's rule.  As discussed above, the law is clear that the *per curiam* sought to be reviewed on appeal is not appealable.  Under the facts of the instant case, we find no purpose which would be served by granting the appellant's motions and, therefore, deny them.

**MOTIONS DENIED.**

**APPEAL DISMISSED.**